UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EFREN SANTIAGO LEFRANC,

                    Plaintiff,

        v.

ELKO SHERIFF'S OFFICE, *et al.*,

                    Defendants.

Case No. 3:24-cv-00275-MMD-CSD

SCREENING ORDER

I.    **SUMMARY**

*Pro se* Plaintiff Efren Santiago Lefranc, who is in custody at the Sumter County Detention Center in Florida, has submitted a document that appears to be a civil-rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1-1 ("Complaint"), 1.) The Court now screens Lefranc's Complaint under 28 U.S.C. § 1915A, dismisses this action, and denies his IFP application as moot.

II.    **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color

1    of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2         In addition to the screening requirements under § 1915A, the Prison Litigation

3    Reform Act ("PLRA") requires a federal court to dismiss an incarcerated person's claim if

4    "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state

5    a claim on which relief may be granted, or seeks monetary relief against a defendant who

6    is immune from such relief." 28 U.S.C. § 1915(e)(2) (cleaned up). Dismissal of a complaint

7    for failure to state a claim upon which relief can be granted is provided for in Federal Rule

8    of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when

9    reviewing the adequacy of a complaint or an amended complaint. When a court dismisses

10   a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint

11   with directions as to curing its deficiencies, unless it is clear from the face of the complaint

12   that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70

13   F.3d 1103, 1106 (9th Cir. 1995), *superseded on other grounds by* 28 U.S.C. § 1915(e).

14        Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*

15   *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to

16   state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support

17   of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756,

18   759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations

19   of material fact stated in the complaint, and the Court construes them in the light most

20   favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

21   Allegations of a pro se complainant are held to less stringent standards than formal

22   pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the

23   standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must

24   provide more than mere labels, conclusions, or a formulaic recitation of the claim's

25   elements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

26        A reviewing court should "begin by identifying pleadings [allegations] that, because

27   they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft*

28   *v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework

2

of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations, like fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989), *superseded on other grounds by* 28 U.S.C. § 1915(e). *See also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.    SCREENING OF COMPLAINT

### A.    Factual Allegations

Lefranc alleges the following. On June 11, 2017, Defendant Terpin's phone became inoperable because it had been hacked. (ECF No. 1-1 at 2.) The hackers tried and failed 11 times to change Terpin's AT&T password remotely. (*Id.*) The hackers eventually changed Terpin's password and gained access and control to his phone number, which allowed them to access his cryptocurrency account. (*Id.*) Impersonating Terpin, the hackers convinced Lefranc to send them cryptocurrency, which they converted. (*Id.*) AT&T cut off the hackers' access to Lefranc's telephone that day. (*Id.*) AT&T failed to cancel Terpin's phone number despite his requests. (*Id.*) Terpin learned that an AT&T employee had created an imposter phone and did a sim card swap to gain access to his phone number, so he filed a lawsuit. (*Id.*)

### B.    Analysis of Claims

Based on the allegations summarized above, Lefranc appears to sue Terpin, AT&T, Las Vegas Justice Court, and Elko Sheriff's Office (ECF Nos. 1 at 1, 1-1 at 4.) He

1    seeks monetary and injunctive relief. (ECF No. 1-1 at 3.) But even liberally construed, the

2    Complaint does not state any claims under § 1983.

3        "The purpose of § 1983 is to deter state actors from using the badge of their

4    authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223

5    F.3d 1135, 1139 (9th Cir. 2000). A defendant may be held liable under § 1983 for violating

6    a plaintiff's constitutional rights only if the defendant "committed the alleged deprivation

7    while acting under color of state law." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d

8    742, 747 (9th Cir. 2020). "The determination of whether a nominally private person or

9    corporation acts under color of state law is a matter of normative judgment, and the criteria

10   lack rigid simplicity." *Id.* (cleaned up). The Supreme Court has developed four different

11   tests to aid courts in identifying state action. *See id.* But "[a]t bottom, the inquiry is always

12   whether the defendant has 'exercised power possessed by virtue of state law and made

13   possible only because the wrongdoer is clothed with the authority of state law.'" *Id.*

14   (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988); *United States v. Classic*, 313 U.S. 299,

15   326 (1941)).

16       Plaintiff's allegations as set forth in the Complaint are confusing and vague. The

17   Complaint includes a document that purports to be a case summary from Lefranc's

18   justice-court case, but there are no factual allegations about that case. Nor are there

19   factual allegations about Las Vegas Justice Court or Elko Sheriff's Office. There also are

20   no factual allegations that any defendant violated Lefranc's federal rights. Lefranc might

21   be attempting to bring claims against a private corporation and individual for their alleged

22   role in the theft of his cryptocurrency. But there are no factual allegations that those

23   defendants acted under color of state law when they did so, which is necessary to bring

24   a claim under § 1983.

25       It does not appear that Lefranc could cure the Complaint's fundamental defects by

26   pleading additional facts. Thus, the Court will dismiss the entire Complaint without

27   prejudice and without leave to amend in this § 1983 action. Lefranc's IFP application is

28   denied as moot.

4

**IV.    CONCLUSION**

It is therefore ordered that the Complaint (ECF No. 1-1) is dismissed without prejudice and without leave to amend in this § 1983 action for failure to state a colorable claim for relief.

It is further ordered that Lefranc's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Lefranc wishes to bring claims against private corporations or individuals who are not state actors, he must file a complaint in a new case and either pay the filing fee or apply for *in forma pauperis* status.

DATED THIS 2nd Day of January 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE